# Exhibit A

Center for Disability Access
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
06/21/2021 at 11:26:53 PM
Clerk of the Superior Court
By Emily Schilawski, Deputy Clerk

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA

SAN DIEGO COUNTY

| | |
|---|---|
| **Travis Morgan**, <br><br> Plaintiff, <br><br> v. <br><br> **R & B Pizza, Inc. dba Little Caesars** and Does 1-10, <br><br> Defendants. | Case No. 37-2021-00026906-CL-CR-CTL <br><br> **Verified Complaint for Damages and Injunctive Relief for Violation of California's Unruh Civil Rights Act, Cal. Civ. Code §51 et seq.** <br><br> Amount demanded does not exceed $10,000 <br><br> *[Plaintiff's Claims are not related to a construction-related barrier as defined by Cal. Civ. Code § 55.3]* |

1

Complaint

Plaintiff Travis Morgan alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

## INTRODUCTION

1. Plaintiff Travis Morgan ("Plaintiff") is a blind[1] person who requires screen-reading software to read website content using his computer.

2. Plaintiff brings this civil rights lawsuit against Defendants R & B Pizza, Inc. dba Little Caesars and Does 1-10, inclusive ("Defendants"), for their use of an inaccessible website to sell their goods and services.

3. Defendants' failure to provide Plaintiff with full and equal access to their goods and services is a violation of Plaintiff's rights under California's Unruh Civil Rights Act ("Unruh Act").

4. As a direct and proximate result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages.

5. Through this lawsuit, Plaintiff seeks declaratory relief and a permanent injunction requiring Defendants to take the steps necessary to provide him "full and equal" access to the Little Caesars' goods, services, facilities, privileges, advantages, or accommodations as required by law. Plaintiff also seeks damages and his reasonable attorneys' fees, costs and litigation expenses.

---

[1] Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have either (1) A visual acuity of 20/200 or less in the better-seeing eye with best conventional correction (meaning with regular glasses or contact lenses); and/or (2) a visual field (the total area an individual can see without moving the eyes from side to side) of 20 degrees or less (also called tunnel vision) in the better-seeing eye.. Some blind people who meet this definition have limited vision. Others have no vision.

Complaint

# PARTIES

6. Plaintiff is, and at all times relevant herein was, an individual, citizen of California and resident of San Diego County.

7. Defendant R & B Pizza, Inc. is, and at all times relevant herein was, a California corporation doing business in the State of California.

8. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

9. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

# JURISDICTION & VENUE

10. This is an action for declaratory and injunctive relief and statutory damages under the Unruh Act, Cal. Civ. Code § 51 et seq. This Court has jurisdiction over the claims alleged herein pursuant to California Civil Code, §§ 51 and 52 and Code of Civil Procedure § 410.10.

Complaint

11.  This Court has personal jurisdiction over Defendants because Defendant have conducted and continue to conduct substantial business in the State of California, County of San Diego, Defendants' offending website is available to members of the public in the State of California, County of San Diego, and the Defendants' brick and mortar pizzeria is located in the State of California, County of San Diego.

12.  The amount in controversy is within the jurisdiction of this Court.

13.  Venue is proper in San Diego County pursuant to Section 395.5 of the California Code of Civil Procedure because liability arises in San Diego County. Defendants have committed the acts alleged herein in San Diego County; have violated the rights of persons with disabilities in San Diego County; and have caused injury to persons with disabilities in San Diego County.

## FACTUAL ALLEGATIONS

14.  Little Caesar Enterprises Inc. (hereinafter "LCE"), is, and at all times relevant herein was, a Michigan Corporation doing business in the State of California as Little Caesars.

15.  LCE is a large pizza chain that franchises Little Caesars pizzerias in the United States and internationally.

16.  Defendant R & B Pizza, Inc. ("R&B") is a franchisee of LCE.

17.  As a franchisee of LCE, R&B owns and operates the Little Caesars pizzeria located at 6074 El Cajon Boulevard, Suite B, in the City of San Diego, California (hereinafter "El Cajon Little Caesars").

18.  LCE has represented through its counsel Gregory Frances Hurley of Sheppard Mullin that LCE "does not own, operate or lease" the El

Cajon Little Caesars, and that the El Cajon Little Caesars "is run by an independent franchise."

19. Plaintiff has visual impairments resulting from Retinitis Pigmentosa a genetic disorder of the eyes causing retinal degeneration.

20. Plaintiff is substantially limited in his ability to see and meets the legal definition of "blindness" (i.e., visual acuity with correction of less than or equal to 20 x 200 and/or a visual field of 20 degrees or less).

21. Plaintiff cannot access or consume web-based content without the assistance of screen reading software. ("SRS").

22. Plaintiff is proficient with and utilizes SRS programs including VoiceOver and Zoomtext.

23. Use of SRS is currently the only way Plaintiff can fully and independently access the internet and consume web-based content.

24. For SRS to function, the information on a website must be capable of being rendered into text.

25. If a website's content is not capable of being rendered into text, a blind or visually-impaired user like Plaintiff is unable to access and navigate the same content that is available to sighted users.

26. Since at last August 2020, Defendants have used the website located at the following web address: https://littlecaesars.com/en-us/ (hereinafter "the Website"), to promote and sell its goods and services.

27. The Website is heavily integrated with the El Cajon Little Caesars.

28. The Website connects members of the public to the goods and services of the El Cajon Little Caesars.

29. On the Website, individuals can, among other things, obtain information about the location and open/closed status of the El Cajon Little Caesars, peruse the menu for the El Cajon Little Caesars and obtain

Complaint

nutritional information for the same, create a customer account for the El Cajon Little Caesars, place food and drink orders for delivery by and pickup from the El Cajon Little Caesars, avail themselves of discounts and specials for the goods and services of the El Cajon Little Caesars, complete surveys, and purchase gift cards and merchandise.

30. On dates including September 2, 2020 and September 23, 2020, Plaintiff visited the Website seeking information regarding pizza specials at the El Cajon Little Caesars and to peruse the ordering menu. Plaintiff had the intent on each of these occasions to purchase food items from the El Cajon Little Caesars. When Plaintiff attempted to access and use the Website on these occasions, he encountered numerous accessibility design faults that impeded his access and prevented him from navigating, understanding, interpreting and operating the Website using SRS.

31. Specifically, Plaintiff encountered images and icons that were not visible to or by his SRS. Plaintiff was unable to determine the content of the Website and experienced it as completely unusable for gathering information about the food and other items for sale and the specials that were available. Plaintiff was unable to select, order or purchase items from the El Cajon Little Caesars on all these occasions.

32. A pre-filing investigation by an accessibility consultant confirmed the barriers Plaintiff encountered and revealed additional barriers to the Website that would serve as impediments to people with visual impairments. These barriers include:

    a. Non-text content (images, graphs, icons, figures) on the Website does not have a text alternative that accurately represents the visual content displayed. Without proper text equivalents to describe visual content, people who are blind or low vision, including Plaintiff, are unable to successfully

understand and interpret non-text content using SRS.
   b. User interface components do not include programmatic information that is compatible with assistive technologies. Without accurate programmatic information, people who are blind or low vision, including Plaintiff, encounter unpredictable components that render them unable to successfully complete required tasks.

33. Due to the above barriers, people who are blind or low vision and use SRS are unable to:
   a. Interpret visual content on the Website;
   b. Interpret or understand the visual content that is represented by the Website's shopping bag;
   c. Interpret or understand the "no-contact steps to get your pizza" instructions on the Website; and
   d. Interpret or understand the input field for delivery address on the Website.

34. On information and belief, the above-described barriers are ongoing and continue to exist as of the date of the filing of this Complaint.

35. On information and belief, the Website is not currently monitored or maintained by an accessibility compliance company

36. Plaintiff personally encountered the above-described accessibility barriers and/or has actual knowledge of them.

37. Given the nature of the barriers alleged herein, Plaintiff alleges, on information and belief, that there are other barriers to the Website that relate to his disability and would prevent and/or deter him from having full and equal access to and use of the goods and services of the El Cajon Little Caesars. Plaintiff intends all such barriers be removed as a goal of this lawsuit. See Doran v. 7-Eleven (9th Cir. 2008) 524 F.3d 1034 (holding that

once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier).

38. The Website is not designed, constructed, maintained or operated in manner accessible to people who use SRS due to blindness or low vision, including Plaintiff. Defendants use the Website to make their goods and services available to the public anyway.

39. By using a website that is not designed, constructed, maintained and operated in a manner accessible to people who use SRS due to blindness or low vision, Defendants have impeded Plaintiff's ability to access the goods and services available at the El Cajon Little Caesars. As described above, Plaintiff is unable to access information regarding Defendants' products on the Website, and unable to select, order or purchase items at the El Cajon Little Caesars using the Website.

40. By using a website that is not designed, constructed, maintained and operated in a manner accessible to people who use SRS due to blindness or low vision, Defendants have denied Plaintiff full and equal access to the goods and services of the El Cajon Little Caesars.

41. If the Website were accessible, Plaintiff would be able to independently and privately investigate and consume Defendants' goods, services, facilities, privileges, advantages, and accommodations, as sighted individuals can and do. Plaintiff would be able to independently access information regarding Defendants' goods and services on the Website using his SRS, and would be able to select, order or purchase goods and services at the El Cajon Little Caesars on the Website using his SRS.

42. There are well-established industry-adopted guidelines for making websites accessible to people who require and use SRS programs. The Web Accessibility Initiative of the World Wide Web Consortium

("W3C"), a private organization that develops website standards, publishes Web Content Accessibility Guidelines ("WCAG"). *See,* Web Accessibility Initiative, Web Content Accessibility Guidelines (WCAG) Overview, https://www.w3.org/WAI/standards-guidelines/wcag (last visited February 22, 2021). WCAG is the legal standard for federal agency websites under Section 508 of the Rehabilitation Act and has been referenced in a number of Department of Justice ("DOJ") settlements and court rulings involving private businesses, particularly in California.

43. These existing accessibility guidelines for people who use SRS due to blindness or low vision are organized around the principle that anyone who wants to use the web must have content that is: perceivable, operable, understandable and robust. They therefore recommend several basic components for making websites accessible including, but not limited to adding alternative text to all images and graphics; ensuring that all functions can be performed without use of a mouse; using headers to structure content and make it easier for SRS to interpret pages; and designing and labeling fillable forms for accessibility. Without these very basic components, a website will be inaccessible to people who are blind or low vision using SRS, including Plaintiff.

44. Although WCAG standards are not privately enforceable at this time, a website's non-compliance with WCAG standards has been repeatedly recognized as informative as to whether the website violates state and federal anti-discrimination statutes including the Unruh Act as alleged herein.

45. The Website in this case is not accessible to Plaintiff and other people who use SRS due to blindness or low vision. This is evidenced by Plaintiff's experience, as well as by the pre-filing investigation into Plaintiff's claims, which included an accessibility audit.

46. The inaccessibility of the Website is also evidenced by the fact that the Website does not comply with the above-referenced industry standard guidelines for making websites accessible to people who use SRS due to blindness or low vision. As described above, the Website fails to comply with WCAG standards in that: (1) it fails to provide alt text for non-text content (WCAG 2.0 AA 1.1.1); (2) it fails to ensure the accessibility of all content (WCAG 2.0AA 2.1.1); and (3) its user interface components fail to include programmatic information that is compatible with assistive technologies (WCAG 2.0 AA 4.1.2). These failures prevent Plaintiff and other blind and visual impaired persons from gleaning even the most basic of information from the Website and hinder their ability to independently and privately purchase food and other items online from the El Cajon Little Caesars.

47. Using a website designed, constructed, maintained and operated to be accessible to people are blind or low vision and use SRS to access and consume web content would not constitute an undue burden for Defendants or fundamentally alter the nature of their goods, services, facilities, privileges, advantages, or accommodations. It is currently commonplace for businesses to utilize websites that are accessible to people who use SRS due to blindness or low vision.

48. Defendants' failure to use a website designed, constructed, maintained and operated in a manner accessible to people who use SRS due to blindness or low vision has caused Plaintiff to experience difficulty, discomfort, frustration and embarrassment and has denied and impeded his access to the goods and services of the El Cajon Little Caesars.

49. Plaintiff has been deterred from returning to the Website and from patronizing the El Cajon Little Caesars as a result of his above-described experiences and knowledge of the Website's ongoing accessibility

Complaint

barriers.

50. Plaintiff plans to order food and drinks online from the El Cajon Little Caesars once they start using a website that is accessible to people who are blind or low vision and use SRS.

51. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties and obligations under state and federal law. Accordingly, Plaintiff is entitled to declaratory relief.

52. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

**CLAIM FOR RELIEF**
**First Cause of Action**
**Unruh Civil Rights Act**
**California Civil Code § 51 et seq.**

53. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

54. The Unruh Act, Cal. Civ. Code § 51 et seq., guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

55. Plaintiff is, and at all times relevant herein was, a person with a disability under California law. Cal. Gov. Code § 12926.

56. The El Cajon Little Caesars is a business establishment and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Act.

57. Defendants have violated the Unruh Act by failing to use a website that is designed, constructed, maintained and operated in a manner that is accessible to people who use SRS to access and consume web content due to blindness or low vision to promote and sell its goods and services. Defendants have denied blind and low vision people who use SRS necessary and important information about the El Cajon Little Caesars and denied them the ability to purchase food, drink and other items sold online at the El Cajon Little Caesars. The inaccessibility of the Website denies blind and visually-impaired persons including Plaintiff full and equal access to the goods, and services that Defendants make readily available to the non-disabled public.

58. As described herein and below, Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA. The Unruh Act expressly provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

59. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce." 42 U.S.C. § 12184(a).

60. Plaintiff is, and at all times relevant herein was, a person with a "disability" as defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

61. The El Cajon Little Caesars is an "establishment serving food or

Complaint

drink" and therefore a place of public accommodation within the meaning of Title III. 42 U.S.C. § 12181(7)(B).

62. There is a nexus between the Website and the El Cajon Little Caesars' brick and mortar location. The Website is heavily integrated with Little Caesars' physical locations and connects members of the public to the goods and services of those locations through the provision of necessary and important information (e.g. information about the location's open/closed status; information about the menu and the nutritional value of the same; information about how to place food and drink orders; and information about specials and discounts), as well as the ability to privately and independently create a customer account, place food and drink orders for delivery and pickup, and purchase gift cards and other merchandise.

63. By failing to use a website that is designed, constructed, maintained and operated in a manner accessible to blind and visually impaired individuals who use SRS to sell its goods and services, Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and accordingly, in violation of the Unruh Act. Defendant's discriminatory conduct includes, <u>inter alia</u>:

    e. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i), 28 C.F.R. § 36.202(a);

    f. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii), 28 C.F.R. § 36.202(b);

    g. Failing to make reasonable modifications in policies, practices,

or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii), 28 C.F.R. § 36.302(a);

h. Failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(iii), 28 C.F.R. § 36.303(a); and

i. Failure to remove communication barriers that are structural in nature, where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv), 28 C.F.R. § 36.304(a);

64. Defendants' duties under the Unruh Act, both directly and derivative of the ADA, are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference. Defendant uses a website that is inaccessible to Plaintiff to sell its goods and services and has failed to take any action to remedy these barriers.

65. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

Complaint

# PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment in Plaintiff's favor that Defendants are in violation of the requirements of Title III of the ADA 42 U.S.C. § 12181 et seq., the relevant implementing regulations of the ADA, and the Unruh Act for their failure to use a website that is designed, constructed, maintained and operated in a manner accessible to people who use SRS due to blindness or low vision including Plaintiff;

2. Issue a preliminary and permanent injunction pursuant to the Unruh Act ordering Defendants to cease using the Website to sell its goods and services unless or until it is designed, constructed, maintained and operated in a manner accessible to people who use SRS due to blindness or low vision including Plaintiff;

3. Award Plaintiff statutory minimum damages of $4,000 per occurrence of discrimination pursuant to § 52(a) of the California Civil Code, for a total of $8,000 ($4,000 for the September 2, 2020 occurrence and $4,000 for the September 23, 2020 occurrence);

4. Award Plaintiff attorneys' fees, litigation expenses and costs of suit pursuant to all applicable laws including, without limitation, California Civil Code § 52(a), California Code of Civil Procedure §§ 1021.5, 1032(b) and 1033.5(a); and

5. Award such other and further relief as the Court may deem just and proper.

Dated: June 21, 2021

By: *Michelle Uzeta*
Michelle Uzeta, Esq.
Attorneys for Plaintiff

Center for Disability Access
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
<u>Mail</u>: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA

SAN DIEGO COUNTY

| | |
|---|---|
| **Travis Morgan**, | **Case No.** 37-2021-00026906-CL-CR-CTL |
| Plaintiff, | **Verification of Complaint** |
| v. | |
| **R & B Pizza, Inc. dba Little Caesars** and Does 1-10, | |
| Defendants. | |

1

Verification

## VERIFICATION

I am the Plaintiff in this action, and I have read the foregoing complaint titled <u>Morgan v. R & B Pizza, Inc. dba Little Caesars</u> and know its contents. The facts stated in the complaint are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 06/21/2021     By: _____
                         Travis Morgan

# This document was signed by:

## Travis Morgan



| | |
|---|---|
| Date | 6/21/2021 7:28 PM UTC |
| Phone | 6195356366 |
| IP Address | 99.188.246.189 |
| Confirmation | C31E9B577D578D1789B29F074EA4C7EC 9D4EECAA50942AB3B8CEF957F5C95790 |

**VINESIGN.COM**